## UNITED STATES DISTRICT COURT FOR THE
## NORTHERN DISTRICT OF OKLAHOMA

| | | |
|---|---|---|
| DAWN BUNCH, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | Case No. 09-CV-0458-CVE-FHM |
| | ) | |
| INDEPENDENT SCHOOL DISTRICT NO. | ) | |
| I-050, OSAGE COUNTY, a/k/a Prue Public | ) | |
| Schools, RON MEADOWS, GERALD | ) | |
| JACKSON, VALERIE TRASTER, SYLVIA | ) | |
| HENDRICKS, | ) | |
| | ) | |
| | ) | |
| Defendants. | ) | |

## OPINION AND ORDER

Now before the Court are Defendants' Motion for Summary Judgment (Dkt. # 27), Defendants' Motion in Limine Regarding Anticipated Testimony of Plaintiffs' Expert Witness Bill Bentley and Opening Brief in Support (Dkt. # 38), and defendants' Motion to Strike Inadmissible Evidence and Improper Argument in Plaintiff's Response in Opposition to Defendants' Motion for Summary Judgment (Dkt. # 46).

On August 20, 2010, the Court entered an Opinion and Order (Dkt. # 50) granting in part and keeping under advisement in part Defendants' Motion for Summary Judgment (Dkt. # 27). The Court granted summary judgment in defendants' favor on plaintiff's federal law claims. The Court was unable to determine whether it had diversity jurisdiction over plaintiff's state law claims based on the summary judgment record. The parties have advised the Court that they are all citizens of Oklahoma. Dkt. ## 51, 52. Therefore, the Court does not have diversity jurisdiction over plaintiff's state law claims. 28 U.S.C. 1332.

Pursuant to 28 U.S.C. § 1367(a), federal courts may exercise supplemental jurisdiction over claims related to claims over which it has original jurisdiction.  A district court may decline to exercise supplemental jurisdiction if it has dismissed all claims over which it has original jurisdiction.  28 U.S.C. § 1367(c)(3); Gaston v. Ploeger, 297 Fed. App'x 738, 746 (10th Cir. 2008) (unpublished)[1] (stating that § 1367(c)(3) expressly permits a district court to decline to exercise supplemental jurisdiction over remaining state law claims after granting summary judgment in favor of defendant on federal law claims).  This Court does not have original jurisdiction over plaintiff's breach of contract, interference with contract, and conspiracy claims because those claims arise under state law and diversity jurisdiction is not present.  The decision to exercise supplemental jurisdiction is discretionary, but courts should consider "the nature and extent of pretrial proceedings, judicial economy, convenience, and [whether] fairness would be served by retaining jurisdiction."  Anglemyer v. Hamilton County Hosp., 58 F.3d 533, 541 (10th Cir. 1995) (quoting Thatcher Enters. v. Cache County Corp., 902 F.2d 1472, 1478 (10th Cir. 1990)).

The parties have engaged in discovery, but have not yet submitted pretrial materials.  The pretrial conference in this case is scheduled for September 1, 2010.  The Court finds that the extent of pretrial proceedings does not outweigh the interests that would be served by having plaintiff's state law claims tried in a state court.  Judicial economy would be served by having the Oklahoma courts resolve issues of Oklahoma law, and the parties have an interest in having their Oklahoma law disputes decided in a court intimately familiar with that law.  Further, the Tenth Circuit has

---

[1]     Unpublished decisions are not precedential, but may be cited for their persuasive value.  See Fed. R. App. P. 32.1: 10th Cir. R. 32.1.

"repeatedly recognized that this is the preferred practice." <u>Gaston</u>, 297 Fed. App'x at 746;[2] <u>see</u> <u>Smith v. City of Enid</u>, 149 F.3d 1151, 1156 (10th Cir. 1998) ("[w]hen all federal claims have been dismissed, the court may, and usually should, decline to exercise jurisdiction over any remaining state law claims"); <u>Ball v. Renner</u>, 54 F.3d 664, 669 (10th Cir. 1995) (noting that there are "the best of reasons" for a district court to defer to a state court rather than retaining and disposing of state law claims). The Court declines to exercise supplemental jurisdiction over plaintiff's state law claims.

**IT IS THEREFORE ORDERED** that plaintiff's breach of contract, interference with contract, and conspiracy claims are **dismissed** for lack of subject matter jurisdiction. A separate judgment shall be entered herewith.

**IT IS FURTHER ORDERED** that the remainder of Defendants' Motion for Summary Judgment (Dkt. # 27) and defendants' Motion to Strike Inadmissible Evidence and Improper Argument in Plaintiff's Response in Opposition to Defendants' Motion for Summary Judgment (Dkt. # 46) are **moot**. Defendants' Motion in <u>Limine</u> Regarding Anticipated Testimony of Plaintiffs' Expert Witness Bill Bentley and Opening Brief in Support (Dkt. # 38) is **moot**.

**DATED** this 23rd day of August, 2010.

_____
CLAIRE V. EAGAN
UNITED STATES DISTRICT JUDGE

---

[2]    Unpublished decisions are not precedential, but may be cited for their persuasive value. <u>See</u> Fed. R. App. P. 32.1: 10th Cir. R. 32.1.

3